UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RODNEY ANTONIO BATTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-00410-TWP-MKK |
| ) | |
| CAPITAL ONE, ) | |
| EQUIFAX INFORMATION SERVICES LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTIONS TO DISMISS AND OTHER PENDING MOTIONS**

This matter is before the Court on Defendant Capital One's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 39), Equifax Information Services LLC's ("Equifax") Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(B)(6) (Dkt. 41), (collectively, "Defendants"), and Equifax's Rule 56(d) Motion in Response to Plaintiff's Motion for Summary Judgment (Dkt. 54). Also pending are several motions filed by *pro se* Plaintiff Rodney Antonio Batts ("Batts"), including an Objection to the Magistrate Judge's Order Denying Plaintiff's Motion for Revised Civil Cover Sheet and Motion to Amend Complaint ("Objection") (Dkt. 45), Plaintiff's Combined Motion for Writ of Mandamus and Summary Judgment (Dkt. 50), and four "Counter Motions" (Dkts. 43, 44, 47, 48) which the Court discerns to be responses to Defendants' motions to dismiss. In his Amended Complaint, Batts alleges the Defendants violated his rights under the Fair Credit Reporting Act 15 U.S.C. § 1681 ("FCRA") (Dkt. 26-1). For the reasons explained in this Order, Defendants Motions to Dismiss are **denied,** Equifax's Rule 56(d) Motion is **granted,** Batts' Objection is **overruled**, his combined Motion for Summary Judgment and Writ of Mandamus is **denied,** and all duplicitous filings are **stricken**.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. Cty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation modified). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotation marks omitted). However, it is also well established that *pro se* litigants are not excused from compliance with

procedural rules. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced").

## II.    BACKGROUND

The Court accepts Batts' factual allegations in his Amended Complaint as true and draws all inferences in his favor as the non-moving party, but not his legal conclusions. *See Bielanski*, 550 F.3d at 633; *See Iqbal*, 556 U.S. at 678 ("[W]e must take all of the factual allegations in the complaint as true," but "we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Twombly*, 550 U.S. at 555).

In October 2022, Batts attempted to open a line of credit with First Merchants Bank (Dkt. 26-1 at 7). The Amended Complaint alleges that in the forty-five-day waiting period after applying, Capital One and Equifax reported a thirty-day late payment for a credit card ending in 1307 for the month of November 2022 to Batts' credit report. *Id.* Batts alleges the report was inaccurate and caused an inaccurate payment history. *Id.* ¶ 21. After the First Merchants Bank loan officer notified Batts that his credit score had decreased, Batts launched a dispute with Capital One, but Capital One said he needed to contact Equifax to correct the error. *Id.* at 7. When he contacted Equifax, Batts was told it was Capital One's responsibility to fix the error because Equifax reports the data that Capital One provides. *Id.*

In December 2022, a second Equifax credit report still included the inaccuracies (Dkt. 26-1 ¶¶ 42–43). Batts alleges that his credit score decreased sixty points due to the inaccurate reporting. *Id.* ¶ 44. He filed a complaint with the Better Business Bureau on February 14, 2023, and again on February 16, 2023, listing the inaccuracies that still existed on his credit report. *Id.* Batts notified Capital One that they were reporting inaccurate information through a dispute letter on January 2, 2023, and he notified Equifax through a similar letter on March 1, 2023. *Id.* ¶¶ 46–

47. Batts alleges that Capital One is a data furnisher under the FCRA and that Equifax sent his disputes to Capital One. *Id.* ¶ 39.

Despite knowledge of the issues, both Defendants continued to report inaccuracies associated with the account ending in 1307 and Batts' credit score remained at the decreased number. *Id.* ¶ 49. After being notified of the inaccuracies, neither Defendant properly investigated the inaccuracies reported by Batts. *Id.* ¶ 50. Both Defendants "continually ignored" Batts for several months after he mailed the March 1, 2023 letter, causing him actual damages. *Id.* ¶ 48. Due to the inaccurate reporting and decreased credit score, Batts was denied credit, incurred out of pocket expenses, and suffered emotional harm, physical sickness, and excessive stress (Dkt. 26-1 at 17).

Batts filed his original complaint on March 3, 2025 (Dkt. 1) and filed the operative Amended Complaint on May 15, 2025 (Dkt. 26-1). The Amended Complaint alleges four violations of the FCRA: failure to assure credit reporting accuracy in violation of § 1681e(B); failure to reasonably investigate in violation of §§ 1681s-2(b) and 1681i(a)(1); failure to review and consider all relevant information submitted in violation of § 1681i(a)(4); and failure to restore disputed and unverifiable information in violation of § 1681i(a)(5)(A). *Id.* Additionally, Batts alleges the Defendants willfully violated the FCRA. *Id.* Following screening, the Court determined that the claims in the Amended Complaint could proceed pursuant to 28 U.S.C. § 1915(e). Capital One and Equifax moved to dismiss all claims on July 31, 2025 (Dkt. 39; Dkt. 41).

## II.    DISCUSSION

The Court will first address Batts' duplicative filings before turning to the substantive motions. Batts made several filings and titled them as motions, when in fact, they appear to be duplicative responses to the Defendants' Motions to Dismiss. This court's Local Rules govern motions practice, including responses and replies. The non-moving party is permitted a single

response within twenty-one days of a 12(b) motion. *See* Local Rule 7-1(C)(2). Capital One and Equifax both filed their motions to dismiss pursuant to 12(b)(6) on July 31, 2025 (Dkt. 39; Dkt. 41), so Batts had until August 21, 2025, to file a response to each motion. On August 4, 2025, Batts filed a Counter Motion to Deny and Stay Defendant (Capital One's) Motion to Dismiss and Response (Dkt. 43); and a Counter Motion to Deny and Stay Defendant's Motion to Dismiss and Response (Dkt. 44). Thereafter, Batts filed another Counter Motion to Deny and Stay Defendant (Capital One) Motion to Dismiss and Response on August 11, 2025 (Dkt. 47), a Counter Motion to Deny and Stay Defendant (Equifax) Motion to Dismiss and Response on September 9, 2025 (Dkt. 48); and Plaintiff's Motion to Deny Defendants' Motion to Dismiss Based on Statute of Limitations Due to Fraud, Misrepresentation, and Willful Noncompliance, on October 29, 2025, which the Clerk docketed as a Response in Opposition to Motion to Dismiss (Dkt. 56).

Most likely due to the improper and confusing titling of his filings, Equifax contends that Batts has not responded to its Motion to Dismiss (Dkt. 55 at 1). However, a review of the numerous filings—Dkts. 43, 44, 47, 48 and 56—shows that these filings are in reality, responses or surreplies to the Defendants motions to dismiss. These duplicative filings are not permitted under the Federal Rules of Civil Procedure or the Court's Local Rules. "The purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, No. 09-cv-340, 2010 U.S. Dist. LEXIS 29463, at *2 (S.D. Ind. Mar. 25, 2010) (citation modified).

The filings at Dkt. 47; Dkt. 48; and Dkt. 56 are **stricken** from the record as duplicative filings or unauthorized surreplies. When ruling on the motions to dismiss, the Court will only consider the permitted responses at Dkt. 43 and Dkt. 44. Batts is warned to be cautious in the future

5

with his filings. He must review and comply with the Court's Local Rules, clearly titling and identifying his filing as a motion only when making a motion. If filing a response, reply, or another document, Batts must use the appropriate identifier. If he believes he is entitled to file a surreply to any motion, he must first request leave of Court.[1]

**A.     Motions to Dismiss**

Capital One argues that Batts' claims based on his first dispute—made in November or December 2022—are time-barred and that his claims regarding both disputes fail as a matter of law. Specifically, Capital One argues that a claim under § 1681s-2(b) fails because Batts does not allege which information Capital One reported that is allegedly inaccurate, and that Capital One corrected the late payment in response to his second dispute (Dkt. 40 at 5). Equifax argues that Batts failed to allege what Equifax reported or how it was inaccurate and that certain claims are time-barred based on the allowable period to bring a claim under the FCRA (Dkt. 42 at 4–5). The Court will discuss these arguments in turn.

**1.     Time-Barred Claims**

The FCRA provides for a two-year or five-year statute of limitations: "An action to enforce any liability created under the [FCRA] may be brought . . . not later than the earlier of – (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Federal Rule of Civil Procedure Rule 6(a) provides guidance for computing time when the last day of a stated time period falls on a Saturday or Sunday: The time continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

---

[1] Mr. Batts may review the United States District Court Southern District Of Indiana Pro Se Handbook for guidance. *See* http://www.insd.uscourts.gov/filing-without-attorney.

The Seventh Circuit has applied Rule 6(a) to calculate other statutory time limits. *See Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (collecting cases).

The FCRA imposes certain requirements on consumer reporting agencies, such as Equifax, and entities that furnish information to those agencies, such as Capital One. 15 U.S.C. § 1681s. Under § 1681i(a), Experian must be made aware of an inaccuracy before it has a duty to reinvestigate. *Bagby v. Experian Info. Sols., Inc.*, 162 F. App'x 600, 604 (7th Cir. 2006) (internal citations omitted). Capital One's duty to investigate as a furnisher of information under FCRA § 1681s-2(b) was not triggered until it received notice from Equifax pursuant to FCRA § 1681i(a)(2) of the consumer's dispute. *See Gulley v. Pierce & Assocs., P.C.*, 436 F. App'x 662, 665 (7th Cir. 2011) ("[A]bsent a formal notice from a credit agency, . . . duty to investigate was never triggered.") Therefore, the earliest possible date of accrual for the statute of limitations was the date when the consumer notified the agency of the disputed item. *Eddins v. Cenlar FSB*, 964 F. Supp. 2d 843 (W.D. Ky. 2013). Capital One and Equifax both argue that Batts' claims based on alleged November and December 2022 disputes are time-barred (Dkt. 40 at 2; Dkt. 42 at 5). Equifax also argues that any claims related to disputes from February 2023 or March 1, 2023, are time-barred (Dkt. 42 at 5).

In his Response, Batts asserts that equitable tolling is proper here, because his good faith attempts to find legal counsel prevented him from asserting his rights and he did not know that he could file a lawsuit on his own (Dkt. 43 at 2–3). The Seventh Circuit Court of Appeals made clear in *Rylewicz v. Beaton Servs. Ltd.* that equitable tolling to extend the time to file an action may not be read into the FCRA. *Rylewicz*, 888 F.2d 1175, 1181 (7th Cir. 1989). Accordingly, Batts' FCRA claims regarding wrongful acts committed before he notified Equifax of his dispute on March 1, 2023 are time-barred based on the two-year statute of limitations under FCRA § 1681p.

7

Because Capital One's liability under § 1681s-2(b) was triggered by Batts' notification to Equifax and by Equifax's notice to Capital One, those are the important dates for assessing the timeliness of the action. Batts alleges in his Amended Complaint that he verbally disputed the inaccurate report with Equifax at some point in November or December 2022 (Dkt. 26-1 ¶ 37) and sent a dispute letter to Equifax on March 1, 2023 (Dkt. 26-1 ¶ 47). Batts further alleges that, sometime after the March 1, 2023 dispute letter, Equifax notified Capital One of the disputes (Dkt. 26-1 ¶¶ 39, 80).

Applying the time computing standards from Rule 6(a), when the two-year statute of limitations deadline fell on Saturday, March 1, 2025, Batts had at least until Monday, March 3, 2025—the date Batts filed suit—to timely initiate this action.[2] Drawing all inferences in favor of Batts, as the Court must at this stage, the Court finds that Batts' claims regarding his dispute letter sent to Equifax on March 1, 2025, were timely and those claims are not time-barred.

**2. Capital One Motion to Dismiss (Dkt. 39)**

Batts brings a claim under § 1681s-2 against Capital One. The FCRA imposes a duty on furnishers to conduct a reasonable investigation into disputed information if notified by a consumer reporting agency that an individual disputed the information. FCRA § 1681s-2(b).

When a consumer reporting agency notifies a furnisher of a dispute about an account, the furnisher of information must: (1) conduct an investigation with respect to the disputed information; (2) review all relevant information provided to it by the consumer reporting agency; (3) report the results of the investigation to the agency; and (4) if the information is found to be inaccurate or incomplete, report the results to all consumer reporting agencies to which it originally

---

[2] For failure to investigate claims, Batts had an additional thirty days because the FCRA requires investigation before the end of the thirty-day period beginning on the date on which the agency receives the notice of the dispute from the consumer. 15 U.S.C. § 1681i.

provided the erroneous information. *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005).

Capital One argues that Batts does not identify what information Capital One reported that is inaccurate, nor does he identify the specific payment and he does not allege any facts demonstrating why Capital One's reporting is inaccurate (Dkt. 40 at 5). Construing the Amended Complaint liberally, the Court discerns that Batts alleges that Capital One provided information about a late payment from the November 2022 billing cycle for the credit card account ending in 1307 to consumer reporting agencies between at least December 2022 and March 2023, and that this information was inaccurate. Contrary to Capital One's arguments, Batts alleges sufficient facts demonstrating that the late payment was inaccurate, including that Capital One attempted to correct the late payment (Dkt. 26-1 ¶ 77). If there was no inaccuracy, there would be no need for Capital One to correct the payment.

Capital One argues that Batts "pleads himself out of court" with the allegation that Capital One corrected the payment (Dkt. 40 at 5). But Batts' allegation that Capital One acknowledged the need for a correction does not relieve Capital One of its responsibilities to report the results to all consumer reporting agencies to which it originally provided the erroneous information. *See* 15 U.S.C. § 1681s-2(b). Batts alleges that they corrected the late payment, although it is not clear where the correction was made or when, he alleges that Capital One "verified and re-reported the inaccurate information" to Equifax (Dkt. 26-1 ¶ 77). He also alleges that Capital One sent a code transmission to Equifax reporting "30 days late payment/ 60 points decreased" and corrected the late payment code but not the decreased credit score. *Id.* ¶¶ 76–77. Liberally construing the pleadings and drawing all inferences in favor of Batts, he plausibly states a claim for relief under

9

FCRA § 1681s-2(b) against Capital One for claims related to the dispute letter from March 1, 2023. Capital One's Motion to Dismiss is **denied**.

### 2. **Equifax Motion to Dismiss (Dkt. 41)**

Batts brings claims against Equifax for violating the FCRA § 1681e(B) and §§ 1681i(a)(1), 1681i(a)(4)–(5). "In order to state a claim under either Section 1681e(b) or Section 1681i(a), Plaintiff must allege that: '(1) inaccurate information was included in his consumer credit reports; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) he suffered injury; and (4) the injury was caused by the inclusion of the inaccurate entry.'" *Hupfauer v. CitiBank, N.A.*, No. 16 C 475, 2016 U.S. Dist. LEXIS 112227, at *8 (N.D. Ill. Aug. 19, 2016) (internal citation omitted).

Experian argues that Batts does not identify a factual inaccuracy in its reporting and instead relies on labels and conclusions without pleading the errors or the inaccurate information reported (Dkt. 42 at 4). However, as the Court discussed above, Batts identified the account and billing cycle at issue and specified that the Defendants incorrectly reported that the account was thirty days late (Dkt. 26-1 ¶¶ 21, 33, 49).

Experian also argues that Batts did not allege any supporting facts to show that the reinvestigation was unreasonable (Dkt. 42 at 4). The Court disagrees. Experian was aware of the inaccuracy on March 1, 2023. At that point, the duty to reinvestigate was triggered. Yet, Batts alleges that Equifax continued to report the account with inaccurate information (Dkt. 26-1 ¶ 98) and that Equifax continually ignored him for several months (Dkt. 26-1 ¶ 48). Additionally, if Capital One attempted to correct the inaccurate late payment history furnished to Equifax, then a

reasonable investigation would have uncovered the updated information, and the change would have been reflected on his credit report.

Batts alleges that inaccurate information was included on his consumer report and that Equifax did not follow reasonable procedures to assure maximum possible accuracy as required by FCRA § 1681e(b) (Dkt. 26-1 ¶¶ 57, 59). He alleges that Equifax knew or should have known that the Capital One account was reporting inaccuracies based on his disputes and provided documentation, and that it was inaccurately listed as an individual account when it was a commercial account. *Id.* ¶ 60.

Liberally construed, Batts has sufficiently alleged claims against Equifax for violations of the FCRA related to his March 1, 2023 dispute letter. A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Experian's Motion to Dismiss is **denied**.

B.  **Batts Objection to Magistrate Judge's Order** (Dkt. 45)

On July 3, 2025 the Magistrate Judge issued an Order granting Batts' Motion to Amend/Correct the original complaint, and denying his "Motion for an Amendment Complaint" (Dkt. 29), in which Batts sought permission to submit a second Amended Complaint. (*See* Dkt. 31). Batts filed an Objection to the Magistrate Judge's Order Denying Motion for Revised Civil Cover Sheet and Motion to Amend the Complaint (Dkt. 45). Batts contends that his proposed Second Amended Complaint is valid and meets the requirements of Rule 8. *Id.* at 1–2. He asks the Court to set aside the Magistrate Judge's Order and argues it is contrary to law. *Id.* In support of his argument, Batts cites *Foman v. Davis*, for the proposition that the denial of leave to amend, particularly early in litigation, may constitute clear error if not supported by adequate findings of

11

prejudice, delay, or futility. *Foman*, 371 U.S. 178 (1962). However, *Foman v. Davis* clarifies that leave should be freely given "in the absence of any apparent or declared reason". *Id.* at 182.

Here, an apparent and declared reason for denying Batts' motion was provided. The Magistrate Judge granted Batts leave to amend his complaint once and only denied leave for a second attempt to amend. The Magistrate Judge provided valid reasons for denying the second motion, noting that Batts seemingly thought that the case had been dismissed, and he included discovery materials in the proposed second amended complaint. The Magistrate Judge concluded: "Due to these apparent misunderstandings, the Court will therefore DENY Plaintiff's Second Motion. . ." (Dkt. 31 at 3). Accordingly, Batts' Objection to the Magistrate Judge's Order is **overruled**.

C.  **Batts Motion for Writ of Mandamus and Motion for Summary Judgment** (Dkt. 50)

On September 24, 2025, Batts filed a combined Motion for Writ of Mandamus and Motion for Summary Judgment, seeking judgment on the merits in his favor against both Defendants (Dkt. 50). This combined motion is filed improperly under the Local Rules, as generally, motions must be filed separately[3]. For the reasons discussed below, on the merits, the combined motions are **denied**.

1.  **Writ of Mandamus**

Mandamus is a "drastic remedy traditionally used to confine a lower court to the lawful exercise of its jurisdiction or to compel it to exercise its authority when it has a duty to do so." *United States v. Lapi*, 458 F.3d 555, 560–61 (7th Cir. 2006); *see also Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33–35 (1980) (per curiam) ("Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy."). Three

---

[3] *See* Southern District of Indiana Local Rule 7.1.

conditions must be satisfied for a writ to issue. First, the party seeking the writ must demonstrate that the challenged order is not effectively reviewable at the end of the case, that is, without the writ the party will suffer irreparable harm. Second, the party seeking the writ must demonstrate a clear right to the writ. Last, the issuing court must be satisfied that issuing the writ is otherwise appropriate. *Erno Kalman Abelesz v. OTP Bank*, 692 F.3d 638, 651–52 (7th Cir. 2012) (citations omitted). A Writ of Mandamus is not appropriate because there is no lower court to compel in these proceedings. Moreover, Batts did not specify what order he is challenging and did not show irreparable harm. Therefore, the motion is **denied**.

### 2. **Batts Motion for Summary Judgment and Equifax Rule 56(d) Motion**

Although Federal Rule of Civil Procedure 56(b) allows a motion for summary judgment to be filed anytime until thirty days after the close of discovery, Rule 56(d) permits a district court to delay consideration of a summary judgment motion and order additional discovery before ruling if the non-movant demonstrates that "it cannot present facts essential to justify its opposition." *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627–28 (7th Cir. 2014). Specifically, when a nonmovant shows by affidavit or declaration that it cannot present facts essential to justify its opposition, Federal Rule of Civil Procedure 56(d) authorizes the Court to (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. *Id.*

Equifax submitted an affidavit showing that it cannot present facts to oppose Batts' Motion for Summary Judgment because discovery is necessary to develop its defenses and respond to the Motion (Dkt. 55 -1). Equifax argues the summary judgment motion is premature because discovery has not been completed, the discovery deadline has not closed, depositions have not been

13

completed, and the dispositive motion deadline is not until January 16, 2025.[4] (Dkt. 55 at 5). Equifax explains that once discovery is completed, and if the claims against it survive the motions to dismiss, it will likely file its own motion for summary judgment. *Id*. Equifax also points out that the summary judgment motion presently before the Court does not comply with the local rules and alternatively, should be denied summarily for that reason alone.[5] *Id*.

The district court has substantial discretion in ruling on a Rule 56(d) motion. *See Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 865 (7th Cir. 2019). Judicial economy will be promoted if the Court considers any motions for summary judgment once discovery is completed. Accordingly, Equifax's Rule 56(d) Motion (Dkt. 54) is **granted** and Batts' premature motion for summary Judgment, (Dkt. 50), is **denied without prejudice**. If Batts elects to file a renewed motion for summary judgement after discovery is completed, he should review and must comply with the local rules.

### III.   CONCLUSION

For the reasons discussed above, the Defendants' Motions to Dismiss Dkt. [39] and Dkt. [41] are **DENIED**. These claims have survived the initial hurdle of a motion to dismiss. Whether they can survive a summary judgment motion is a question for another day.

The Court acknowledges Batts' "Counter Motions" at Dkt. [43] and Dkt. [44] as Responses to the Motions to Dismiss. The additional Counter Motions Dkt. [47]; Dkt. [48]; and Dkt. [56] are **STRICKEN** from the record and Batts is **warned** to be cautious in future filings and to refrain

---

[4] The dispositive motions deadline is now set for February 9, 2026. (Dkt. 73).

[5] Local Rule 56-1(a) requires the moving party to file and serve a supporting brief and any evidence (that is not already in the record) that the party relies on to support the motion. The brief must include a section labeled "Statement of Material Facts Not in Dispute" containing the facts: (1) that are potentially determinative of the motion; and (2) as to which the movant contends there is no genuine issue. Local Rule 56-1(e) requires the moving party to support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence.

14

from duplicative filings. Batts' Objection to the Magistrate Judge's Order Dkt. [45] is **OVERRULED**. Batts' Motion for Writ of Mandamus and Summary Judgment Dkt. [50] is **DENIED**.

Equifax's Rule 56(d) Motion in Response to Plaintiff's Motion for Summary Judgment Dkt. [54] is **GRANTED**.

**SO ORDERED.**

Date: 12/30/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

RODNEY ANTONIO BATTS
2610 E. 40th St.
Indianapolis, IN 46205

Jennifer R. Brooks
Seyfarth Shaw LLP
jrbrooks@seyfarth.com

Neil Peluchette
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
npeluchette@taftlaw.com

Jeffrey D. Pilgrim
Pilgrim Christakis LLP
jpilgrim@pilgrimchristakis.com

Nicholas Vera
Pilgrim Christakis LLP
nvera@pilgrimchristakis.com